UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------- X
                                                                     :
MARY WELLESLEY,                                                      :     06-CV-3518 (ARR)(LB)
                                                                     :
                                      Plaintiff,                     :     NOT FOR
         -against-                                                   :     PRINT OR ELECTRONIC
                                                                     :     PUBLICATION
DEBEVOISE & PLIMPTON, LLP, et al.,                                   :
                                                                     :     OPINION AND ORDER
                                      Defendants.                    :
                                                                     :
------------------------------------------------------------------- X

ROSS, United States District Judge:

By letter dated July 20, 2007, pro se plaintiff Mary Wellesley has moved to amend her

complaint to reinstate a claim for defamation that was dismissed by the court on statute of

limitations grounds. The basis for Ms. Wellesley's motion is a report from her personnel file

obtained during discovery. The report, dated July 11, 2005, repeats the allegedly defamatory

statements made during Ms. Wellesley's termination meeting that were the subject of plaintiff's

initial defamation claim. Unlike the statements made at the meeting, the statements in the report

would, if considered separately, fall within the one year statute of limitations for defamation

claims under New York law. By endorsed order dated June 15, 2007, the court referred Ms.

Wellesley's motion to amend her complaint to Judge Bloom to be addressed at a conference.

At a status conference held on July 18, 2007, Judge Bloom denied plaintiff leave to

amend her complaint on the ground that it would be futile. Judge Bloom explained that, even

were the report to be considered as a separate defamation claim that relates back to plaintiff's

original claim, plaintiff did not state a claim for defamation because she did not allege that the

report was published to a third party. By letters dated July 20, 2007 and July 23, 2007, Ms.

1

Wellesley filed objections to Judge Bloom's denial of her motion for leave to amend, contending that the report was, in fact, published to third parties.

Having conducted the de novo review of the record required by 28 U.S.C. § 636(b)(1), the court concurs with Judge Bloom's assessment of the futility of plaintiff's motion to amend and adopts Judge Bloom's recommendation as the opinion of the court. As Judge Bloom explained at the status conference, one of the elements of a claim for defamation under New York law is publication to a third party. See Albert v. Loksen, 239 F.3d 256, 265-66 (2d Cir. 2001). Here, the statements at issue were made in a report sent to a personnel file and there is no evidence of dissemination to a third party. Ms. Wellesley argues that there was publication to third parties because the report's author refers to several other Debevoise & Plimpton employees. However, given that a defamation claim based on the statements made orally at the termination meeting is time-barred, the issue before the court is whether the report itself was published to third parties, and there is no evidence to support such a claim. Moreover, internal memoranda placed in a personnel file or statements made among employees about another employee in an employment context enjoy a qualified privilege that can be overcome only by a showing of actual malice. See Dillon v. City of New York, 261 A.D.2d 34, 40 (N.Y. App. Div. 1999); see also Sadowski v. Technical Career Institutes, 162 F.3d 1148, at *2 (2d Cir. 1998) (unpublished summary order). The record before the court provides no reason to believe that the statements at issue in the report were motivated by malice.

Accordingly, the court adopts Judge Bloom's Report and Recommendation and denies

plaintiff leave to amend her complaint.[1]

SO ORDERED.

s/ Judge Allyne R. Ross

_____

Allyne R. Ross
United States District Judge

Dated: September 10, 2007
        Brooklyn, New York

---

[1]In plaintiff's July 20, 2007 letter, she alleges that a number of evaluation reports are missing from the copy of her personnel file turned over during discovery and that the attorney for defendants lied when he stated that all reports in the file were turned over. The court finds no reason to disturb Judge Bloom's acceptance of defendants' representation that the firm complied with its discovery obligations, given the likelihood that evaluations may have been misplaced or never filled out in the first place. In plaintiff's letter, she also complains about Judge Bloom's efforts to encourage her to settle the case. It appears that Judge Bloom was, quite appropriately, trying to assist plaintiff to realistically assess the possibility of settlement in lieu of protracting this litigation.

SERVICE LIST:

### *Pro Se* **Plantiff**
Mary Wellesley
66-09 111th Street
Forest Hills, NY 11375

### **Defendants' Attorneys**
Steven S. Goldschmidt
Debevoise & Plimpton
919 Third Avenue
New York, NY 10022

Timothy K. Beeken
Debevoise & Plimpton LLP
919 Third Avenue
New York, NY 10022

Elias J. Kahn
Debevoise & Plimpton LLP
919 Third Avenue
New York, NY 10022

cc:    Magistrate Judge Lois Bloom